CHARLES D. RAWSTORNE, Appellant, *v.* WILLIAM G. MAGUIRE, Respondent.

(Argued May 21, 1934; decided July 3, 1934.)

*David S. Hecht* and *Leonard P. Moore* for appellant.

*Kenneth E. Walser* and *George Rosier* for respondent.

LEHMAN, J.   On August 30, 1933, the plaintiff obtained an order for " substituted service " of the summons in this action upon the defendant.  The affidavits upon which the order was made allege that the defendant resides at the Hotel Vanderbilt in the city of New York. The summons was served on September second, in accordance with the order, by leaving a copy thereof with a person of proper age at the Hotel Vanderbilt.   On September 18, 1933, the defendant appeared specially in the action by his attorneys and moved to vacate the order for substituted service and to set aside the service of the summons made thereunder on the ground that he is a resident of Virginia and was not at the time of the service of the summons or at any other time a resident of the State of New York.   The Appellate Division has reversed an order of Special Term which denied the defendant's motion.

Section 230 of the Civil Practice Act provides for substituted service upon a " natural person residing within the state."   It is undisputed that the defendant's domicile prior to the year 1932 was in Chicago, Ill., and that since 1932 his domicile has been at the family home which he established in Stafford county, Va.   During the year 1932, and at least until July 2, 1933, he spent more time in New York than at the family home.   While

in New York he always stopped at the Hotel Vanderbilt. In May, 1932, the room clerk at the hotel arranged that the defendant could, while absent from the hotel, leave his baggage in his room there, though he was charged only for the time he occupied the room. He was not at the hotel between July 2, 1933, and August 21, 1933, and he gave up his room and removed his baggage on August 23, 1933, a week before the order for substituted service was made.

The purpose of the provisions for substituted service contained in the Civil Practice Act is to give the courts of this State jurisdiction of the person of a defendant upon whom personal service within the State cannot be effected. The courts of the State can obtain jurisdiction of the persons of those who are domiciled within the State but temporarily absent therefrom, by any form of service which is reasonably calculated to give knowledge of the action and an opportunity to be heard. (*Pennoyer* v. *Neff*, 95 U. S. 714.) We may assume that the courts of the State can by similar service obtain jurisdiction of the person of one who is physically within the State. (*De La Montanya* v. *De La Montanya*, 112 Cal. 101; American Law Institute, Restatement of "Conflict of Laws," § 83.) Here the defendant at the time of the service was not domiciled here nor was he physically present in the State nor did he maintain a permanent place of abode here either at the time when the order for substituted service was made or at the time the service was effected. The question presented upon this appeal is whether the Legislature intended and had power to provide that the courts of this State should by substituted service acquire jurisdiction of the person of a defendant under such conditions.

We are told that the Legislature used the words "residing within the State" as synonymous with "domiciled within the State." Doubtless such words are frequently used "even in our statutes, as if they had the same

meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. * * * Residence simply requires *bodily presence* as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. The existing domicile, whether of origin or selection, continues until a new one is acquired." (*Matter of Newcomb*, 192 N. Y. 238, 250.) The sense in which these words are used in a particular statute may depend upon the nature of the subject-matter of the statute as well as the context in which the words are used.

" The foundation of jurisdiction is physical power." (*McDonald* v. *Mabee*, 243 U. S. 90, 91.) The sovereignty of the State extends only as far as its territorial boundaries. Where there is " bodily presence " within the boundaries of the State there is opportunity for the exercise of the State's sovereignty, even though bodily presence is not accompanied by any intention to remain there permanently. So, too, domicile within the State may establish a status within the territorial limits of sovereignty which also gives opportunity for the exercise of that sovereignty. The intention to make a particular place of residence a permanent domicile remains, at times, undisclosed, and is difficult of proof by an adverse party. Where the question is one of the effect which under the Constitution must be given to a decree of a sister State, the place of domicile may be a decisive factor, and then the question of intention to return must be decided, however difficult may be the proof. (Cf. *Pennoyer* v. *Neff, supra.*) We may not, however, unreasonably limit the provisions for substituted service upon persons " residing within the State " to those who not only reside, but are domiciled, here. The language of the statute calls for the construction that the Legislature intended to provide a means of giving to persons who are subject to the sovereignty of the State and against

whom a decree may be issued enforceable within or without the State, reasonable notice of the commencement of an action and opportunity to defend.

Though such construction be adopted, the Appellate Division correctly held that the service should in this case be vacated. Where there is no bodily presence in the State; where there is no permanent place of abode and no domicile; it is plain that there is no residence here and no basis for the exercise of the jurisdiction of the court. It may be that while the defendant was actually in residence at the Hotel Vanderbilt, with intention to make it his home whenever he came to New York, he did reside in the State within the meaning of the statute. A person continues a " resident " of a State where he is domiciled even though temporarily absent from the State. A person is certainly not a " resident " of the State when he leaves the State to return to his domicile and gives up his home here. True, the defendant may have left the Hotel Vanderbilt and given up his rooms there because he had learned that a process server was attempting personal service upon him there. He had a right to do so at any time and for any cause. He was not bound to submit himself to the jurisdiction of our courts if he chose to leave the State. Upon his return here he becomes subject to the jurisdiction of our courts if proper service of a summons is made upon him. Service by leaving the summons at a hotel while the defendant is out of the State is not a proper service and does not give the court jurisdiction of his person.

The order should be affirmed, with costs, and the first question certified answered in the affirmative. The other questions certified are not answered.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Order affirmed, etc.