# AGNITA M. HUGHES v. LAURENCE HENRY LUCKER, JR.[1]

February 16, 1951.

No. 35,312.

[1]Reported in 46 N. W. (2d) 497.

*Snyder, Gale, Hoke, Richards & Janes* and *Nathan A. Cobb*, for appellant.

*C. Alfred Bergsten*, for respondent.

MATSON, JUSTICE.

Appeal by defendant from an order denying his motion to set aside service of the summons and complaint for lack of jurisdiction.

Plaintiff as special administratrix of the estate of Theodore M. Hughes brought this action for damages for the wrongful death of the decedent as a result of an automobile accident which occurred in Hennepin county on May 12, 1946. The action was commenced on May 6, 1948, by serving the summons and complaint upon the commissioner of highways of the state of Minnesota and by mailing a notice of such service and a copy of the summons and complaint to defendant at his last-known address—Upper Darby, Pennsylvania—pursuant to M. S. A. 170.55. It also appears that service upon defendant was attempted by leaving a copy of the summons and complaint at the residence of defendant's father in Minneapolis, Minnesota.

Defendant appeared specially and moved to set aside service of the summons and complaint on the ground that he was a resident

of Minnesota at the time of the alleged accident and therefore the service upon him through the commissioner of highways was ineffectual, and upon the further ground that at the time of the attempted service by leaving a copy at the residence of his father in May 1948 defendant's usual place of abode was elsewhere.

Upon appeal from the order denying defendant's motion, we have the following issues:

(1)  Whether the 1949 amendment of § 170.55 of the safety responsibility act may be applied retroactively.

(2)  Whether defendant was a nonresident at the time of the alleged accident within the contemplation of § 170.55.

Section 170.55 (L. 1945, c. 285, § 35) of the safety responsibility act provides:

"The use and operation by a *non-resident* or his agent of a motor vehicle upon and over the highways of the state of Minnesota, shall be deemed an appointment by such *non-resident* of the commissioner to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, growing out of such use or operation of a motor vehicle over the highways of this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process in any action against him which is so served, shall be of the same legal force and validity as if served upon him personally." (Italics supplied.)

In 1949, the above-quoted section was amended (L. 1949, c. 582, § 1) so as to provide not only a local remedy against nonresident motorists but also against resident motorists who subsequent to an accident abandon their residence before jurisdiction is acquired and thereafter remain outside the state for six months or more. In the instant case, the accident occurred on May 12, 1946. Clearly, we are not concerned with such 1949

amendment of § 170.55 (L. 1949, c. 582, § 1) in that it has no retroactive application. See, Chapman v. Davis, 233 Minn. 62, 45 N. W. (2d) 822; §§ 645.21 and 645.31.

We come to the main issue of whether or not defendant *at the time of the accident* was a nonresident within the meaning of § 170.55 (L. 1945, c. 285, § 35). In Chapman v. Davis, *supra,* in construing the meaning of the term "nonresident" as used in Minn. St. 1941, § 170.05, we held that in the light of the purpose of the statute a person must be deemed a nonresident when he has no *actual residence*—as distinguished from the concepts of legal domicile and temporary abode—within the state. The Chapman case is determinative herein as to the meaning of the term "nonresident," in that § 170.55 (see, L. 1945, c. 285, § 35) was derived from and superseded § 170.05 (1941). The two sections are also identical in purpose and, insofar as the issues involved herein are concerned, are practically identical in language. The term *nonresident* as used in a statute governing the service of process in automobile cases must be construed consistently with the act's purpose of obviating the difficulty of effecting service in the ordinary way on persons who are involved in automobile accidents while temporarily within the state. *Actual residence,* in the light of the purpose of a constructive service statute—as distinguished from the mere temporary place of abode of a sojourner—involves a connotation of permanency in the sense of the establishment of a usual place of abode without, however, necessarily involving that greater degree of permanency which is characteristic of a legal domicile. See, Chapman v. Davis, *supra,* and Vol. 1942, Wis. L. Rev. 439, 442. In order not to be classified as an *actual nonresident,* a person from another jurisdiction need not acquire a domiciliary residence in the state, but his stay within the state must be of such nature and purpose, coupled with an intention to remain long enough, that his presence in the state cannot be classified as merely temporary. Briggs v. Superior Court, 81 Cal. App. (2d) 240, 183 P. (2d) 758; Chapman v. Davis, *supra.* Mere temporary absence from the usual place of abode

does not deprive it of its character as an actual residence. 17 Am. Jur., Domicil, § 11. The element of permanency which goes with the establishment of an actual residence is not to be arbitrarily measured by any mere yardstick of time but rather by the actor's intent as reflected by the nature and purpose of his acts and conduct. His acts and conduct may justify a finding of an intent that is wholly contrary to that which he has expressed. See, Briggs v. Superior Court, 81 Cal. App. (2d) 240, 183 P. (2d) 758. In other words, intent may be more satisfactorily shown by what is done rather than by what is said. Thus, in Chapman v. Davis, *supra*, the degree of permanency essential to establish that defendant's stay within the state constituted an actual residence was properly inferred from the fact that such stay was made necessary by, and coupled with, the exercise of her vocation or breadwinning activities as a school teacher. Obviously, in pursuing her occupation as a teacher, she identified herself with one of the essential and regular activities of the community which, under all the circumstances, gave her usual place of abode a permanency not associated with the transitory dwelling of a temporary sojourner.

■ How does the concept of *actual residence* apply to the facts of the instant case? Was defendant an actual resident of Minnesota when the accident occurred on May 12, 1946? Defendant here contends that he has had actual and uninterrupted residence in Minnesota since 1938. It appears that in 1938 defendant had his regular residence and domicile in Minneapolis as a member of his parents' household. In that year, he went to Philadelphia to attend the Wharton School of Finance and Commerce. He attended this school for four continuous years—returning to Minneapolis for his summer vacations. While a student at that school in Philadelphia, he registered pursuant to the Selective Service Act, and in so doing gave Minneapolis as his home address. After his graduation in 1942, he returned for a short while to Minneapolis, and then went back to Philadelphia, where he held a job.

Later in the year 1942, when he expected at any moment to be called by his draft board, he returned to his parents' home in Minneapolis, and about Christmas of that year he was inducted into the military service at Fort Snelling. If we keep in mind the distinction between the concept of *actual residence* as used in a constructive service statute and the concept of domicile, the fallacy of defendant's contention that his residence in Minnesota was not interrupted or terminated by his act of attending college in Pennsylvania becomes at once apparent. Domicile and residence as ordinarily used in statutes regulating the service of process are not synonymous. A change of residence may take place without an accompanying change of domicile. Chapman v. Davis, *supra;* see, Keller v. Carr, 40 Minn. 428, 42 N. W. 292; Rawstorne v. Maguire, 265 N. Y. 204, 208, 192 N. E. 294, 296; cf. 17 Am. Jur., Domicil, §§ 9, 10, and 74.

■ Clearly, if a person departs from the state of his domicile and enters another jurisdiction for the purpose of attending a college throughout the regular school year, his usual place of abode as such student constitutes his place of actual residence. We have so held with respect to the abode of a teacher who is present in the jurisdiction solely to follow her profession. See, Chapman v. Davis, *supra*. In Uslan v. Woronoff, 173 Misc. 693, 18 N. Y. S. (2d) 222, affirmed, 259 App. Div. 1093, 21 N. Y. S. (2d) 613, the defendant whose permanent domicile was in the state of New York absented himself from that state solely for the purpose of attending the University of Pennsylvania, and while thus absent in Pennsylvania, substituted service was made upon him in New York as a nonresident. The New York court held the service valid in that he was a resident of Pennsylvania despite the continuation of his domicile in New York. Also, see, Rawstorne v. Maguire, 265 N. Y. 204, 192 N. E. 294. Without doubt, defendant's act of attending college in Pennsylvania for four years, followed later by the act of entering upon regular employment in that state, reflected a permanency of stay that can be ascribed only to the establishment of an actual residence

in that jurisdiction. It is immaterial that he may have retained his Minnesota domicile.

He did not quit his Pennsylvania job and return to Minnesota until he had reason to know that he was about to be drafted. His act of returning to Minneapolis where his induction was imminent, rather than indicating an intent to reëstablish his actual residence in Minnesota, was logically born of nothing more than the normal desire of a son to visit his parents before he joined the military forces.

■ His military service, without regard to where he was stationed from time to time, did not of itself, without more, preclude or effect any change of residence. Percy v. Percy, 188 Cal. 765, 768, 207 P. 369, 370; Berger v. Superior Court, 79 Cal. App. (2d) 425, 179 P. (2d) 600. Whether, when he entered the military forces, he then retained or subsequently abandoned his Pennsylvania residence is of no consequence. A person need not necessarily have an actual residence in any state. Beale, *Residence and Domicil*, 4 Iowa L. Bull. 3. It is likewise of no controlling significance that from the time of his induction until the moment of his discharge he indicated in every military record that Minnesota was his residence. Naturally, a young man who has not acquired a family of his own, or who has made no special arrangements for the retention of any particular post-office address for the duration of the war, will regard the home of his parents as his residential address without having in mind the nice distinction between the many shades of meaning ascribed to the word *residence,* and without knowing or thinking of the difference between *domicile* on the one hand and *actual residence* as involved in a statute governing the constructive service of process. See, 17 Am. Jur., Domicil, § 9; Beale, *Residence and Domicil,* 4 Iowa L. Bull. 3. If he met with sickness, injury, or death while in the armed services, he would naturally and normally want his parents to be notified. His act of designating in military records that Minnesota was his home furnishes little basis for an inference that he intended to reëstablish an actual residence in this state.

■ After his discharge from the army in Texas early in 1946, defendant went on a motor trip with his father and returned to his parental home in Minneapolis about March 15. The accident occurred on May 12, 1946. Defendant remained in the state until November 1946. However, during this time defendant was not regularly employed and made short trips to neighboring states. His return, after his army discharge, to the Minnesota home of his parents, in the light of his conduct and activities subsequent to such return, is indicative of an intent to stay in this state only temporarily to visit his parents or to remain until he could again find employment in Pennsylvania. Since November 1946, defendant has continuously lived in Pennsylvania where he had originally resided before being inducted into the army. At the time of the alleged accident, defendant was driving his automobile with Texas license plates. Furthermore, the Bureau of Voters' Registration in Minneapolis certified—contrary to defendant's own testimony—that it had no record of defendant being registered as a Minneapolis voter in 1946. What defendant stated subsequent to the date of the accident in his application to the state motor vehicle department for a Minnesota automobile license is of no importance. Actual residence is to be determined as of the time when the cause of action arose. See, § 170.55 (1945); Wood v. White, 68 App. D. C. 341, 97 F. (2d) 646. Subsequent self-serving statements cannot be used to alter defendant's residential status as it existed when the accident occurred.

In the light of the evidence, the trial court properly held that defendant, pursuant to § 170.55 (1945), was a nonresident of Minnesota at the time of the accident on May 12, 1946. Because he was a nonresident, it is unnecessary to discuss the effect of the attempted substituted service—pursuant to § 543.05—upon defendant at the Minneapolis residence of his father. The order of the trial court is affirmed.

Affirmed.