Nathaniel T. Helman, J.
Defendant Warren E. Avis, appearing specially, moves to vacate and set aside the purported service of a summons and complaint by substituted service under sections 230 and 231 of the Civil Practice Act, upon the ground that the court lacks jurisdiction of the defendant. Claiming residence in the State of Michigan, defendant asserts that his home in Detroit is his permanent abode from which he votes, earns his income, pays his taxes, and that he has never become a resident of New York State. A Delaware corporation with which he is affiliated leases an apartment at 715 Park Avenue, New York City, the furniture being owned by the corporation. The New York telephone directory lists Warren E. Avis as residing at 715 Park Avenue, New York City. Conceding that he occasionally occupies the apartment, defendant states that the corporation finds it desirable to permit its usage for corporate personnel from time to time. The validity of the service and of the order itself depends on the meaning of the word “ residence ” in its application to section 230. The court is aware of the growing tendency of large corporations to lease apartments in central locations within large cities, for the use of their executives and personnel on visits which are frequently temporary. A great deal more than an occasional visit under such circumstances is required to establish a ‘ ‘ residence ’ ’ within the meaning of the statute. The learned discussion of the subject by Justice Lehman in the case of Rawstorne v. Maguire (265 N. Y. 204) has long stood as the guidepost for the application of the word “resident” to the provisions of section 230. Said the court (pp. 209, 207): “A person continues a ‘ resident ’ of a State where he is domiciled even though temporarily absent from the State. A person is certainly not a ‘ resident ’ of the State when he leaves the State to return to his domicile and gives up his home here.” “ The defendant at the time of the service was not domiciled here nor was he physically present in the State nor did he maintain a permanent place of abode here either at the time when the order for substituted service was made or at the time the service was effected.” That Avis was listed in the telephone directory as residing at the Park Avenue address may be an element which, together with other factors, might be considered by the court on the issue of residence. Nothing else appears in the affidavits, however, which can be given serious consideration as indicative of an intent to reside in New York. The case of Cottakis v. Pezas (12 Misc 2d 215) upon which plain *489 tiff relies strongly, differs from our own in that the affidavit supporting defendant’s claim of a domicile in Montreal was made upon “ information and belief ”, so that the court there viewed it as entitled to ‘ ‘ very little weight ’ ’. Other factual differences from those at bar satisfy me that the Bawstorne rule represents sound principle and should be followed here, particularly with the development of modern business methods in the housing of constantly traveling personnel. The motion is granted and the service will be set aside.