Louis B. Heller, J.
Motion by defendant to set aside service of the summons on the ground that defendant is not subject to the jurisdiction of the court and was enticed into the jurisdiction for the purpose of being served with the summons.
Defendant’s first contention is without merit. The court obtains jurisdiction over nonresidents when personally served with process within this State (cf. Pennoyer v. Neff, 95 U. S. 714; Rawstorne v. Maguire, 265 N. Y. 204). With respect to the second contention, the affidavit of defendant in support of the motion shows that in the latter part of June, 1962, deponent, a resident of Cleveland, Ohio, doing business under a trade name in such State, came to New York to discuss his account with one of the officers of plaintiff corporation. At that time deponent learned the assets of plaintiff corporation were for sale and entered into negotiations with such officer “for settlement of his account for the purchase of ’’plaintiff’s assets. The affidavit further shows that negotiations were broken off; that in July defendant was informed plaintiff was ready to make the sale and settle defendant’s account; that an appointment was made for August 6 at plaintiff’s attorneys’ office in New York City and that defendant requested his attorney to attend on August 3 to receive a list of dies and the inventory and a schedule of accounts receivable. ' Defendant’s attorney having been refused the information requested, defendant was advised not to appear for the scheduled meeting on August 6. Defendant further states he was subsequently advised an agreement had been reached by the officers of the plaintiff corporation and that the deal could be consummated; an appointment was made for *97 August 20 at the office of plaintiff’s attorneys and defendant and his attorney were present; that negotiations proceeded and defendant requested the right to inspect the inventory, which was refused; that the meeting was closed and defendant served with a summons. Defendant seeks to spell out that the negotiations were sham and solely for the purpose of enticing defendant into the jurisdiction of a New York court so that he might be served with process. The affidavit in opposition to the motion denies plaintiff’s conclusions and maintains the negotiations were carried on in good faith.
Defendant’s conclusions, set forth on information and belief, are not supported by the recitals in his affidavit, a summary of which has been set forth above. It does not seem probable that plaintiff set up negotiations for a period of months to accomplish the purpose charged by defendant, since defendant could have been served with process at the meeting in June, when he was in New York, without the necessity of engaging in any further negotiations. The fact that service was not then made and that negotiations were continued by plaintiff and defendant negates the claim of enticement. Rather does it indicate that only when negotiations for the settlement of plaintiff’s claim against defendant and the purchase of plaintiff’s assets fell through, did the plaintiff pursue its legal remedy by instituting suit and cause defendant to be served with the summons. Notwithstanding plaintiff may have intended, in the event negotiations were not successful, to take advantage of defendant’s presence in New York to serve process upon him, such intent alone would be insufficient to support defendant’s claim of being enticed into this jurisdiction by fraud and deceit. Additionally, the affidavit in opposition to the motion alleges that “ the defendant had been told that the plaintiff would sue him if an agreement could not be reached.” Defendant has not denied this statement was made. The cases cited by defendant are distinguishable. The motion is denied.