**Mary MAJERUS, Plaintiff,**

v.

**Armond WALK, individually and d/b/a Walk's Store, Defendant.**

**No. 1–67 Civ. 268.**

United States District Court
D. Minnesota,
First Division.

Nov. 20, 1967.

---

Fred R. Kraft, Austin, Minn., for plaintiff.

Alderson, Catherwood, Kelley & Ondov, by Glenn E. Kelley, Austin, Minn., and Warren L. DeVries, Mason City, Iowa, for defendant.

## ORDER

NEVILLE, District Judge.

Plaintiff, a Minnesota resident, brings this action for personal injuries against Armond Walk, an Iowa resident, individually and doing business as Walk's Store. Grafton, Iowa, where defendant's grocery store is located, is a small community approximately fifteen miles south of the border of the State of Minnesota. This action originally was commenced in the Minnesota State court. On the grounds of diversity it was removed by the defendant to this court. Defendant now seeks an order dismissing the plaintiff's complaint for lack of personal jurisdiction over the defendant.

Plaintiff resides in Austin, Minnesota, with her husband. On or about February 18, 1966, her mother purchased some sausage from the defendant at Walk's Store in Grafton, Iowa. On or shortly after the date of the purchase, plaintiff's mother visited the plaintiff in Austin, Minnesota, and brought her the sausage. She thereupon consumed the meat and alleges that she became severely ill. She contends that the sausage was negligently prepared and that defendant is liable on that ground and also for breach of warranty. She seeks in this action to recover damages.

Service of process purportedly was made upon the defendant personally in Iowa pursuant to the terms of a Minnesota "long arm" statute, Minn.Stat.Ann. § 543.19 (Additional Supp. III 1967)[1], providing a means of perfecting juris-

---

1. Minn.Stat.Ann. § 543.19 (Additional Supp. III, 1967) provides as follows in pertinent part:

   Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

   (a) Owns, uses, or possesses any real or personal property situated in this state, or

   (b) Transacts any business within the state, or

   (c) Commits any tort in Minnesota causing injury or property damage, or

   (d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade.

   \*　　\*　　\*　　\*　　\*

   Subd. 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

   \*　　\*　　\*　　\*　　\*

diction over non-resident individuals by service of process outside the state.

The defendant moves the court for dismissal upon two grounds. First, the defendant contends that the statutory authority permitting service upon non-residents was passed by the Minnesota legislature after the plaintiff's claim arose and that such statute may not be retroactively applied so as to uphold service of process as had in this case. Second, the defendant alternatively urges that even if the statute may be invoked, the contacts of the defendant with the State of Minnesota are too slight and insubstantial to satisfy the requirements of due process of law. In the court's view, this latter ground need not be considered. Moreover, the court does not feel it necessary to discuss the technical construction of the statute, which in some respects seems unclear in its terms. Because the statute is so new, the Minnesota Supreme Court apparently has not yet passed upon either of the above two grounds.

■■ The plaintiff's cause of action accrued on or about February 18, 1966, when the meat was consumed and the injury occurred. Section 543.19 did not become law and effective until May 15, 1967, more than a year later. The summons and complaint were personally served in Iowa on August 25, 1967. The only question, it seems to the court, is whether the terms of § 543.19 may be applied retroactively to encompass a claim or cause of action arising prior to its enactment.

In Minn.Stat. § 645.21, the Minnesota legislature has provided that:

No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

In § 543.19 the legislature has not indicated such an intent. Thus, if the non-retroactivity statute and the decisions thereunder apply to this service of process statute, the service in this case was not in compliance with Minnesota law. This court is governed by Minnesota law in this instance. A well-established line of Minnesota decisions holds, in closely analogous situations, that a procedural statute permitting service upon individuals beyond the state is not to be applied retroactively to causes of action accruing prior to its promulgation. See Hinton v. Peter, 238 Minn. 48, 55 N. W.2d 442 (1952); Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497 (1951); Chapman v. Davis, 233 Minn. 62, 45 N. W.2d 822 (1951). Other Minnesota decisions have refused to permit retroactive application of other procedural statutes. See, e. g., Ekstrom v. Harmon, 256 Minn. 166, 98 N.W.2d 241 (1959); Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W.2d 617 (1955). Since the plaintiff's cause of action in the case at bar arose prior to the enactment of § 543.19, service pursuant to that statute is held to be invalid.

■ A collateral question arises concerning proper procedure under the Federal Rules of Civil Procedure in this manner: On October 27, 1967, after the case had been removed to this court, defendant served and filed an answer, in paragraph 1 of which he alleged that this court had no jurisdiction over the person of the defendant for want of proper service of process. Rule 12(b) of the Federal Rules of Civil Procedure provides in this regard:

Every defense, in law or fact * * * shall be asserted in the responsive pleading * * * except that the following defenses may at the option of the pleader be made by motion: * * (2) lack of jurisdiction over the person * * *.

The Rule further provides:

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *

The present motion was not filed until October 31, 1967, four days after the filing of the answer. The Rule, if read very literally, would appear to say that if the defense is set up in the answer, a motion thereafter cannot be brought. To this court, such a construction reaches an incongruous result where the defense

is lack of jurisdiction over the person. It leaves an answering defendant in the uncomfortable position where either he makes no, or very inadequate trial preparation by way of discovery proceedings, motions, interrogatories or otherwise, for fear of waiving the defense in the answer, or, if the doing of such is not a waiver and the defense is ultimately sustained, then he has wasted much time and effort preliminary to the trial. It would seem therefore that as to this defense a motion should be entertained at least at this early stage despite the setting up of the defense in the answer so as to prevent either its waiver at a later date or wasteful proceedings and futile exercises in discovery if it be determined at the opening of the trial that the defense be valid.

A second procedural question arises. It appears that on the same day that defendant brought a motion to dismiss for want of jurisdiction, he served and filed a separate motion to join as a third-party defendant Armour and Company, the supplier of the product from whom defendant purchased the sausage ingredients he sold to plaintiff's mother. Quaere whether this motion constitutes invoking the jurisdiction of this court so as to confer jurisdiction, that is, so as to constitute a waiver of the defense of lack of personal jurisdiction? While there is authority that joining a third-party defendant and actually serving process on him constitutes a waiver of the defense of lack of personal jurisdiction over the defendant, Globig v. Greene & Gust Co., 193 F.Supp. 544 (E.D.Wis.1961), the court does not believe such is applicable here. In the *Globig* case, service actually had been made upon the third party and the court had held hearings on motions to dismiss such third parties. In the instant case, certainly the fact that defendant brought two separate motions on the same day should not militate against him when he could have brought the two motions in one paper. At the hearing, defendant asked first to argue the jurisdictional motion and did so, going on to and argu-

ing the subsequent motion only should the first one be denied. The court does not deem this a waiver of the jurisdictional question, and it is of course well and long established that the removal to this court from state court is not itself a waiver by defendant of jurisdictional defenses. See, 1A Moore, Federal Practice, ¶ 0.157(11), at 352 (2d Ed. 1965).

For the reasons above the court holds that defendant's motion for dismissal should be granted. It is so ordered.