**Antonia Ruiz RUDD, Appellant,**

**v.**

**Harland Evelyn RUDD, Appellee.**

**No. 5568.**

District of Columbia Court of Appeals.

Argued March 9, 1971.

Decided June 11, 1971.

Alexander L. Benton, Washington, D. C., for appellant.

Alphonso W. Pendergrass, Washington, D. C., entered an appearance for appellee.

Before GALLAGHER, NEBEKER, and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant-wife, plaintiff below, seeks reversal of a ruling by the lower court granting appellee-husband's motion to quash the return of service on the ground that service on him while attending court was invalid.

Appellee, a member of the United States Navy stationed in Connecticut, commenced this litigation by filing a petition for a writ of habeas corpus June 26, 1970, in the Court of General Sessions, seeking custody of his three minor children. While appellee was seated in the courtroom, waiting for the hearing on the order to show cause which had issued on the habeas corpus petition, he was asked to step into the hall by a Deputy United States Marshal. Thereupon, appellee was served with copies of a summons and complaint filed that date in the same court by his wife. Her complaint sought separate maintenance, custody and support of the minor children. Following the hearing on the order to show cause, the court dismissed the petition for a writ of habeas corpus, discharged the order, and awarded permanent custody of the children to appellant.

Appellee subsequently moved to quash the personal service on him on the ground of insufficient service. However, he did not claim to be a nonresident of the District of Columbia and thus exempt from service of process under the recognized immunity rule,[1] but merely that he was "immune from

1. "The true rule * * * is that suitors, as well as witnesses, coming from another

service of process while in attendance at Court." The trial court agreed with appellee's contention, and granted the motion to quash the return of process, holding that appellee was entitled to free access of the courts and "was immune from service of process at the time he was prosecuting another cause of action in the courthouse."

Although there is ample authority to support the granting of immunity from service of process to nonresidents responding to litigation,[2] it would be contrary to established authority to recognize immunity from service of process to anyone for the sole reason that he is in attendance at court.

On this record it is clear that appellee was a resident of the District of Columbia when he was served. In his petition for a writ of habeas corpus he claimed to be a resident of this jurisdiction and the court so found in its order. Furthermore, at the hearing on the motion to quash, appellee's mother testified that prior to his entry into the military service, he lived with her in Washington, D. C., which was his permanent residence. His counsel stated at argument that appellee was "a voting member of the District of Columbia." We further note that appellee listed his residence in the caption of his motion to quash as being 2119 G Street, N.E., Washington, D. C.

■ It is generally accepted that a person entering into one of the military services retains his domicile or residence in the state from which he entered the service unless there is evidence of intent on his part to effect a change therein.[3] Thus, appellee's military service does not of itself,

without more, preclude or effect any change of residence. Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497, 501 (1951).

■ Since appellee was a resident of this jurisdiction and was served with process while here on temporary leave from his duty station, his claim to immunity from process while attending court must fail.

Accordingly, the lower court's order quashing the service of process must be vacated and further proceedings held not inconsistent with this opinion.

Reversed and remanded.

---

state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L. Ed. 192 (1916).

2. Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44 (1916); Church v. Church, 50 App.D.C. 239, 270 F. 361 (1921); Kendrick v. Thompson, D.C.App., 205 A.2d 606 (1964).

3. Dennett v. Dennett, 63 App.D.C. 252, 71 F.2d 975 (1934); Israel v. Israel, 255 N.C. 391, 121 S.E.2d 713 (1961); Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497, 501 (1951); Annot., 21 A.L.R.2d 1163, 1180 ff (1952).