Daniel T. ZAHLER, Respondent,

v.

Rodney A. MANNING et al., Appellants.

No. 50254.

Supreme Court of Minnesota.

June 20, 1980.

Peterson, Holtze & Treat and William N. Majerus, Minneapolis, for appellants.

Malin D. Greenberg, St. Louis Park, for respondent.

Heard before KELLY, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

On March 31, 1978, plaintiff attempted to initiate suit against defendants under the nonresident motorists statute, Minn.Stat. § 170.55 (1978), by sending a copy of the summons and complaint to the Commissioner of Public Safety. Defendants brought a motion to dismiss for insufficiency of service of process under Minn.R.Civ.P. 12.02(4), alleging that defendant Manning had been continuously a resident of the State, and defendant Smith was continuously a resident until she died in 1975, and thus the defendants could not be served under the nonresident motorists statute. This motion was summarily denied by the Hennepin County District Court, and the defendants now appeal from the order denying the motion. We reverse.

On June 2, 1972, an accident occurred in Brooklyn Park involving a car driven by defendant Rodney Manning and owned by defendant Julianne Smith, and a car in which plaintiff was a passenger. Plaintiff apparently sustained some injuries in the accident for which the defendants are allegedly liable.

Defendants' liability carrier was Auto-Owners Insurance, and plaintiff's attorney, Malin Greenberg, negotiated for a settlement for plaintiff's injuries with Auto-Owners from May 1976 to May 1978. During this time, Greenberg, plaintiff, and Auto-Owners all were unaware of the location or status of the individual defendants.

On March 31, 1978, plaintiff attempted to initiate suit against defendants under the nonresident motorists statute, Minn.Stat. § 170.55 (1978), by serving a copy of the summons and complaint on the Commissioner of Public Safety. Plaintiff notified Auto-Owners of the suit on May 25, 1978. Auto-Owners then sent out an investigator, Richard Lewis, to find defendants. His investigation turned up Manning, but revealed that Smith had been dead for over 2½ years. This information was not received by any of the parties or Auto-Owners until after June 2, 1978, the date the 6-year statute of limitations ran its course.

Defendants brought a motion to dismiss for insufficiency of service of process under Minn.R.Civ.P. 12.02(4), alleging that since both defendants were, and had continuously been, residents, they could not be served under section 170.55. This motion was summarily denied, and the defendants now appeal the order denying the motion.

The issues presented by this appeal are:

I. Is service of process sufficient under Minn.Stat. § 170.55 (1978) when it is made on a person who was a resident of Minnesota at the time of the accident, and who has not been continuously absent from the state for six months or more following the accident? (Defendant Manning).

II. Is service of process sufficient under Minn.Stat. § 170.55 (1978) when it is made on a deceased person who was a resident of Minnesota at the time of the accident, and remained so until her death? (Defendant Smith).

I. The applicable statute, Minn. Stat. § 170.55 (1978), provides that any nonresident, or any resident that is "absent

from this state continuously for six months or more following an accident," operating a motor vehicle on Minnesota roads shall be deemed to have appointed the Commissioner of Public Safety as his agent for purposes of service of legal process in actions arising out of the operation of such a motor vehicle.

Under the literal terms of the statute, it is quite clear that it only applies to nonresidents and to residents that have been continuously absent from the state for six months or more following the accident. It does not apply to residents of the state who have *not* been continuously absent from the state for six months or more after the accident. *Cf. Hinton v. Peter*, 238 Minn. 48, 55 N.W.2d 442 (1952); *Hughes v. Lucker*, 233 Minn. 207, 46 N.W.2d 497 (1951); *Chapman v. Davis*, 233 Minn. 62, 45 N.W.2d 822 (1951). The question whether the defendant sought to be served is a "nonresident" or has been out of the state for six months or more is one of fact. *See Hinton v. Peter*, 238 Minn. at 51, 55 N.W.2d at 443–4.

On the record, the only evidence of the residency of defendant Manning is in the accident report, where an Anoka address is given, and in Manning's affidavit, where he says:

"That ever since the date of said accident, June 2, 1972, this defendant has been and still is a resident of the State of Minnesota. That this defendant has resided at 2827 Lyndale Avenue North, Minneapolis, Minnesota, for the past 3½ years. That

at no time has this defendant left the State of Minnesota to take up residence elsewhere."

In fact, the plaintiff does not appear to meaningfully dispute this factual claim. Since the only evidence is that Manning was a resident at the time of the accident and has been a resident ever since, it follows that he cannot be effectively served under section 170.55.[1]

■ II. The evidence indicates that defendant Smith was a Minnesota resident at the time of the accident and remained so until her death in 1975. Plaintiff argues that defendant Smith's death was tantamount to being continuously absent from the state for six months or more under section 170.55.[2] The Pennsylvania Supreme Court dealt with a similar general claim in *Schor v. Becker*, 437 Pa. 409, 263 A.2d 324 (1970), stating in a footnote that it was "obvious" that the defendant, who was deceased, was not a nonresident *or* a resident who becomes a nonresident or conceals his whereabouts, and thus could not be served under the Pennsylvania version of the nonresident statute. 437 Pa. at 411 n. 4, 263 A.2d at 326 n. 4.

The obvious purpose of section 170.55 was as a means of initiating suit against live nonresidents or against live residents who leave the state to go to other states; it was not to be used in the way plaintiff seeks to use it.[3]

Reversed.

---

1. Even if defendants could be served under section 170.55, there is no evidence in the record that the technical requirements of that statute have been complied with. The statute not only requires service on the Commissioner of Public Safety, but also requires an attempt to personally serve defendant by mailing a copy of the summons and complaint to his last known address. Nothing of record indicates that this has been done.

2. This argument ignores entirely the impossibility of retaining jurisdiction over a deceased person in his or her individual capacity. That a dead person can be a party to an action at law or equity is contrary to common and statutory law, which provides that an action abates against a person individually after his death, and survives, if at all, only against his personal

representative or estate. *See generally* Minn. Stat. § 573.01 (1978); 22 Am.Jur.2d *Death* § 1 (1965).

Plaintiff apparently has made no attempt to move the substitution of Ms. Smith's estate or personal representative for herself as the defendant in this case. *See* Minn.R.Civ.P. 25.-01(1).

3. The plaintiff in this case did not attempt to name the insurer directly in his complaint. Thus we do not have the question before us whether to reconsider our line of decisions prohibiting direct actions against insurers. *See, e. g., Miller v. Market Men's Mutual Insurance Co.*, 262 Minn. 509, 115 N.W.2d 266 (1962). We do, however, recommend to the legislature to consider a statute allowing direct actions against insurers as a way of avoiding seemingly

OTIS, Justice (concurring specially).

I concur in the result. However, with respect to the dictum contained in footnote 3 of the opinion concerning direct actions against insurance companies, I am not prepared to approve or disapprove that procedure until the issue is squarely before us in an adversary posture.

PETERSON, Justice.

I join in the opinion of OTIS, J.

harsh results such as in the current case. *See generally Myers v. Government Employees Insurance Co.,* 302 Minn. 359, 369–71, 225 N.W.2d 238, 244–45 (1974) (Kelly, J., Concurring Specially).

The State of Florida permits direct actions against insurance companies in automobile negligence cases by case law. *Shingleton v. Bussey,* 223 So.2d 713 (Fla.1969). Louisiana and Wisconsin do the same by statutes. It is possible that we could avoid the results in *Savchuk v. Rush,* 245 N.W.2d 624 (Minn.1976), *Rev'd.,* 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); *See Rush v. Savchuk,* 444 U.S. 320, 333, 100 S.Ct. 571, 580, 62 L.Ed.2d 516 (1980) (Stevens, J., dissenting).