PIERRE V. NESI, Plaintiff, *v.* JACOB M. HEIMANN, Defendant.

Supreme Court, Special Term, New York County, February 19, 1942.

*Benjamin, Galton & Robbins [Melvin C. Robbins* of counsel], for the plaintiff.

*Martin H. Young,* appearing specially for the defendant.

EDER, J. Motion to vacate order permitting summons to be served on defendant, a resident of this State, to be made by substituted service as authorized by section 230 of the Civil Practice Act. It was established to the satisfaction of the court that personal service of the summons within the State could not be made

upon the defendant, with due diligence. The defendant, appearing specially, moves to vacate the order and the service of the summons and complaint made pursuant thereto. Two grounds are presented as the basis of the motion, (1) that plaintiff at all times knew that defendant was in California on business and thus knew that the defendant was not outside the State for the purpose of avoiding service, and knew at all times the place of his sojourn; (2) that the verification date of the complaint is January 17, 1942; that the affidavits upon which the order was made aver that the summons and complaint were issued on January 7, 1942, and that an effort to serve them was made from January eighth to January thirteenth, inclusive; that, therefore, it could not possibly have been this summons and complaint of which the defendant is supposed to have evaded service; that in the form in which it was presented to the court as the basis for the order, it was non-existent. I am of the opinion that the claims advanced by the defendant are without force.

Section 230 of the Civil Practice Act is the successor to section 435 of the Code of Civil Procedure. The language of section 230 worked a very substantial change, so much so that the constructions and interpretations placed upon section 435 cannot be regarded as controlling with respect to section 230 of the Civil Practice Act.

Under section 435 of the Code of Civil Procedure it was provided that an order for substituted service could be made upon satisfactory proof that the defendant was a natural person, that the place of his sojourn could not be ascertained, or if he was within the State, that he was avoiding service, so that personal service could not be made. There were jurisdictional prerequisites under the Code of Civil Procedure, and conditions precedent to the validity of the order. A radical change was effected when section 230 took its present form.

Prior to the enactment of the Civil Practice Act the change in the language and requirements of section 435 of the Code of Civil Procedure was a matter under consideration, the proposed change to read as it now does in section 230 of the Civil Practice Act. This pointedly appears from the report to the Legislature of the Joint Legislative Committee on the Simplification of Civil Practice, (Leg. Doc. No. 111 [1919], p. 167), where the proposed deletions and amendments are indicated. The Civil Practice Act (Laws of 1920, chap. 925) became a law May 21, 1920, and took effect on October 1, 1921. The Code of Civil Procedure was expressly repealed. (Civ. Prac. Act, § 1577.) By the enactment of the Civil Practice Act, section 230 thereof was enacted in the form proposed by the Joint Legislative Committee and now reads as follows:

" Section 230. Order for substituted service of summons in certain cases. Where a summons is issued in any court of record, an order for the service thereof upon a defendant, whether a domestic corporation other than a municipal corporation, a joint-stock or other unincorporated association having a president or treasurer residing within the State, or a natural person residing within the State, may be made by the court, or a judge thereof, or the county judge of the county where the action is triable, upon satisfactory proof that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons within the State."

Among the changes made is the doing away with the features of lack of knowledge of the place of the defendant's sojourn and that it be shown that if the defendant was within the State he was avoiding service so that personal service could not be made. These elements are no longer necessary or required to obtain an order for substituted service of the summons under section 230 of the Civil Practice Act, as now constituted. It is now quite immaterial what the motives of the defendant are for his absence from the State and entirely irrelevant whether or not his absence was motivated by a desire to evade service of process. Section 230 of the Civil Practice Act merely requires proof of inability to serve the defendant within the State, with due diligence, and not proof of evasion; it is a vital change from the basic requirements of section 435 of the Code of Civil Procedure. Contrast with subdivision 2 of section 232 of the Civil Practice Act, which authorizes service by publication " where the defendant, being a resident of .the State, has departed therefrom with intent  *   *   *   to avoid the service of a summons  *   *   *." The affidavit and order complained of are not fatally defective and invalid for the reasons urged by the defendant and the contention is overruled.

As to the remaining ground of the motion, *i. e.*, that the verification of the complaint is dated after the attempted personal service of the summons and complaint on the defendant, it is without merit; the right to an order for substituted service depends upon the inability of the plaintiff to serve the defendant personally with a summons (*McCarthy* v. *McCarthy*, 55 How. Pr. 418; affd., 16 Hun, 546; affd., 84 N. Y. 671), and, moreover, section 230 authorizes service of the summons alone by substituted service, even without the issuance of a complaint, so that the service of the complaint was superfluous so far as attaining a valid service is concerned and acquiring jurisdiction.

The motion to vacate is denied, with ten dollars costs. Settle order.