ALVORD AND ALVORD, Plaintiffs, *v.* RAYMOND PATENOTRE et al., Defendants.

Supreme Court, Special Term, New York County, October 26, 1949, on reargument, November 4, 1949.

*Harold R. Medina, Jr.,* for plaintiffs.

*Horace S. Manges* for Raymond Patenotre, defendant appearing specially.

MILLER, J. Although it seems clear from the papers submitted on this motion that the defendant was no longer bodily present in this State at the time of the attempt to make substituted service, there is an insufficient showing that defendant had, at the time, effected a change of his domicile from this State to some other jurisdiction. The papers establish to the court's satisfaction that up to the time defendant is claimed to have left this State, viz., on September 30, 1949, his domicile was here. No affidavit of the defendant himself is submitted to show that he left here with the intention of abandoning his domicile in this State and creating a new domicile elsewhere. The statements made by plaintiffs as to declarations made to them by defendant to the effect that he would go abroad to live are insufficient, in and of themselves, to establish that defendant gave up his New York domicile when he left here on September 30, 1949. The declarations claimed to have been made by defendant may or may not have been true. Although plaintiffs in reliance upon their *possible* truth applied for a temporary injunction, they did not thereby admit the truth of the defendant's declarations. There being insufficient evidence in the record before the court to establish a change of domicile on the part of the defendant, this motion to vacate the order for substituted service and the service made pursuant thereto is denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.

(On reargument, November 4, 1949.)

The order for substituted service was obtained on October 5, 1949, and service pursuant thereto was made by affixing to the door of the moving defendant's apartment a copy of the summons, complaint and order on the same day and by depositing a copy of the papers in the mails at 1:05 A.M. on the next day, October 6th.

Concededly the moving defendant did not arrive in France until October 5th. The affidavit of his attorney submitted in support of the present motion states that the movant "departed from this country for the purpose of establishing his domicile in Switzerland and with the intent and purpose to change his domicile in this country which had existed in or about the years 1946 and 1947". No claim is made that at the time service was effected pursuant to the order for substituted service the movant had already arrived in Switzerland. It is thus clear that his presence in France was merely a temporary stopover en route to Switzerland. In view of the admission of movant's attorney that the movant's domicile had been in this country up to the time he left, it is clear that the domicile was still in this country at the time service was made, for the movant had not yet arrived in Switzerland, his allegedly intended new domicile. "The existing domicile, whether of origin or selection, continues until a new one is acquired" (*Rawstorne* v. *Maguire*, 265 N. Y. 204, 208).

The moving defendant argues that domicile without residence, i.e., without bodily presence in this State is not sufficient to confer jurisdiction upon the court to make an order for substituted service pursuant to section 230 of the Civil Practice Act. The case of *Rawstorne* v. *Maguire* (*supra*) appears to be authority to the contrary. In that case, Judge LEHMAN, writing for a unanimous court, said (p. 207): "The courts of the State can obtain jurisdiction of the persons of those who are domiciled within the State but temporarily absent therefrom, by any form of service which is reasonably calculated to give knowledge of the action and an opportunity to be heard." At page 208 the court declared that "domicile within the State may establish a status within the territorial limits of sovereignty which also [in addition to residence in the sense of bodily presence] gives opportunity for the exercise of that sovereignty." At page 209 it is stated that "A person continues a 'resident' of a State where he is domiciled even though temporarily absent from the State." This language was quoted with approval by the Appellate Division in this Department in *McCandless* v. *Reuter* (248 App. Div. 93, 96). In both these cited cases the order for substituted service was vacated only because there was neither domicile nor residence within the State. In *Hetson* v. *Sommers* (48 N. Y. S. 2d 35), the Appellate Term in this department affirmed a denial of a motion to vacate a judgment entered upon substituted service although, as appears from the dissenting opinion,

the defendant, domiciled in this State, was in Trinidad under a one-year contract in connection with the erection of the United States naval base. In the court's opinion the moving defendant, concededly domiciled here at the time of the service, may not obtain vacatur of the order for substituted service and the service made pursuant thereto merely because he had just left this State for the purpose of avoiding service.

Even if it be assumed that domicile without residence is not sufficient to warrant the making of an order under section 230 of the Civil Practice Act, the same result must follow. As stated by WILLARD BARTLETT, J., in *Bump* v. *N. Y., N. H. & H. R. R. Co.* (38 App. Div. 60, 62, affd. 165 N. Y. 636): " To effect a change of residence there must be an intent to abide in another place, accompanied by an actual going to that place and abiding there." The moving defendant had not gone to Switzerland and abided there at the time of the making of the order and the service pursuant thereto. Certainly he was not a resident of the airplane which took him to France nor was he a resident of France merely because of his temporary stopover en route to Switzerland. If he was not a resident of New York at the time of the making of the order and of the service, he resided nowhere.

The motion for reargument is granted and upon such reargument the original determination is adhered to.