William E. Brennan, Jr., J.
This motion, by the defendant Sevilla, appearing specially, for an order setting aside the service of a summons upon him by substituted service is denied.
The motion originally came on before Mr. Justice G-ulotta, who, having found a disputed question of the fact of the residence of the defendant Sevilla in the affidavits, ordered the matter set down for a hearing which was conducted before me on May 12, 1960.
The order for substituted service was signed on September 29, 1959, based upon an affidavit which ordered attempted personal service on six different occasions commencing September 1, 1959. On September 1,1959, defendant Sevilla left his home in Levittown and went to Baltimore, Maryland, where he has remained, with the exception of two trips to New York (Nassau County), until the present time. Thus, it is claimed, he was not *76 at the time of the order “ a natural person residing within the state ” as required by section 230 of the Civil Practice Act.
The leading case of Rawstorne v. Maguire (265 N. Y. 204) held that a person who had a temporary hotel residence in New York but who abandoned that abode to return to his domicile in Virginia, was not a ‘‘ resident ’ ’ as that term is used in section 230 of the Civil Practice Act. The case also held, however (p. 209), that “A person continues a ‘resident’ of a State where he is domiciled even though temporarily absent from the State ” and (p. 208) that the “ intention to make a particular place of residence a permanent domicile remains, at times, undisclosed, and is difficult of proof by an adverse party.”
Here it appears that Sevilla and his wife had marital difficulties, and because of these difficulties he was leaving his wife and children. He was also in need of medical attention and went to Baltimore for the purpose of entering a hospital, in which he had previously been a patient, to undergo an operation. He stayed with his mother, sister and brother-in-law, in the latter’s house, got a short-lived job as a car salesman in Baltimore, and, very recently, another job in Baltimore. He admitted that the question of where he will live depends primarily upon where he can find work, and that he does not consider his in-laws ’ home his permanent abode.
There is no question that before September 1, 1959 Sevilla was domiciled in New York. It has been held, that “ The existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change.” (Matter of Newcomb, 192 N. Y. 238, 250.) Here the moving party has not met that burden. There is no substantial evidence demonstrating anything more than indecision. The temporary nature of the defendant’s present quarters, the possibility of a marital reconciliation (the parties had previously been separated after having two children, remarried in a church ceremony and thereafter had a third child), the primary purpose of the operation in the Baltimore hospital and the visitations to the wife and children in New York, do not paint a picture of a man who has decided to give up his domicile in New York. (See Matter of Timblin, 6 Misc 2d 344; Cottakis v. Pezas, 12 Misc 2d 215, Alvord & Alvord v. Patenotre, 196 Misc. 524.)