Charles Margett, J.
Attorneys appearing specially for the defendant in a negligence action move to vacate the order of this court dated April 27, 1962, authorizing substituted service and *252 to set aside the service of a summons and complaint made pursuant to the order.
It is contended that since the plaintiffs have not presented proof that the defendant has absented himself from the State or that he is evading service, the mere claim of inability to find the defendant does not warrant substituted service. A further contention is that the afore-mentioned order required service of the summons and complaint upon the defendant at a specified address in Astoria, with a copy to be sent to his attorneys, and that a report by the Special Referee, Samuel S. Tripp, dated January 18, 1962, confirmed by the court’s order dated March 28, 1962, concerning the prior service of process under the Vehicle and Traffic Law recommended a finding that the defendant moved from Astoria, New York, to Union City, New Jersey, remained there a few days, but “ went back to New York to live at an address in Astoria unknown to anyone ”. Therefore, it is argued that an attempt to effect service upon the defendant at a residence from which he moved and to which he did not return, is improper as it is unlikely that such service will adequately apprise the defendant of the pendency of the action against him.
Section 230 of the Civil Practice Act in substance provides that the court can order that substituted service be made upon a defendant residing within the State if the plaintiff can show that he ‘ ‘ has been or will be unable, with due diligence, to make personal service of the summons Avithin the state.” It is not necessary to show that the defendant is sojourning outside the State or, if within the State, evading service. (Lisi v. Lang, 286 App. Div. 771; Nesi v. Heinmann, 178 Misc. 195.) An order for the substituted service of a summons upon a natural person may direct that the service be made at his residence or, if his residence cannot be found, that the service be made in such manner as the court may direct. (See Civ. Prac. Act, § 231; Mazer v. Gerstinblith, 256 App. Div. 671.) The court is of the opinion that the circumstances in the case at bar warrant the substituted service of the summons upon the defendant at his last-known address in New York.
The attorneys representing the defendant imply in the papers herein that since the plaintiff has failed to establish that the defendant still resides in the State or at least give a clue as to his present whereabouts, substituted service is not proper. The existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change. (See Molyneaux v. County of Nassau, 24 Misc 2d 75, 76.) There is ample proof in the record, including the court’s finding based on the Referee’s report that *253 at the time of the alleged incident involved in the action, the defendant was residing in this State and a domiciliary thereof, thereafter removed to New Jersey and then returned to this State to continue his domicile here. The moving party herein has not presented any evidence relating to a change of domicile of the defendant. Therefore, the court is of the opinion that the defendant is amenable to service by substitution.
Accordingly, the motion is in all respects denied. (See, generally, Cottakis v. Pezas, 12 Misc 2d 215; Alvord & Alvord v. Patenotre, 196 Misc. 524.) The defendant is given 10 days following the service of a copy of the order herein, with notice of entry, to serve an answer. Submit order.