Owen McGivern, J.
The defendant Ruark, a resident of Spain, moves, pursuant to rule 3211 (subd. [a], par. 8) of the Civil Practice Law and Rules for an order dismissing the complaint, on the ground he is not subject to the jurisdiction of this court and that service of process was insufficient. The plaintiff cross-moves, pursuant to section 3101 of the Civil Practice Law and Rules for an order directing the defendant Ruark to make disclosure.
The action is in defamation, but the claimed source of jurisdiction is the doing of business here, out of which the action arose. Defendant’s column, published in the World Telegram and Sun, is distributed by United Features Syndicate, Inc., in New York. Defendant asserts that he is under contract with United but has no contractual relationship with the codefendant, The World Telegram Corporation. United and the codefendant are in contractual relationship. The defendant Ruark is also represented in the United States by virtue of a contract with Harold Matson Company, Inc., his literary agent in relation to other matters, and it was upon this literary agent that the summons was served.
Articles written by the defendant are mailed by him from Spain to United, which then distributes copies thereof to its syndication members, specifying the release date. Such a service, as rendered within the State, must be deemed the conduct of business here. It is not disputed that the action arises out of that business.
Sections 301, 302 and 308 of the Civil Practice Law and Rules must be read together. (See CPLR 313.)
*596 Due process is satisfied if a defendant have certain minimum contacts within the territory of the forum so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. Co., 355 U. S. 220.)
Defendant urges that “Where notice is a person’s due, process which is a mere gesture is not due process ” (Covey v. Town of Somers, 351 U. S. 141). Defendant urges also that subdivision 4 of section 308 is unconstitutional. In the practice commentary appended to section 308 of McKinney’s Civil Practice Law and Rules, it is stated: 11 Paragraph 4 has no antecedent in the CPA. It is designed to give the court discretion to authorize special modes of service when all other avenues have been exhausted unsuccessfuly. So long as the court devises methods that are reasonably calculated to give the defendant notice of the lawsuit and an opportunity to be heard, no constitutional problems should arise. Milliken v. Meyer, 1940, 61 S. Ct. 339, 311 U. S. 457, 85 L. Ed. 278, rehearing denied 61 S. Ct. 548, 312 U. S. 712, 85 L. Ed. 1143.” The impracticability of service here under the single-act statute arises from the fact that defendant neither resides nor has a place of business here.
The manner in which the court directs that service be made must, of course, be calculated to give notice. In this connection, it is not required that the defendant’s actual agent upon whom service is made is necessarily his agent also in respect to the particular item of business out of which the action arose. In this aspect of the matter, the constitutional question does not in fact arise.
Finally, section 229-b of the Civil Practice Act had also provided for service upon a nonresident. While that section also required that the papers be served by registered mail upon the defendant, section 301 of the Civil Practice Law and Rules is new and makes no such requirement when read together with sections 302 and 308. It must be deemed that the single-act statute has extended the concept and under subdivision 4 of section 308 service upon the nonresident is permitted in a manner defined by the court, if it meets the requirements of due process. The actual agent of such person must be regarded as cloaked with authority to receive service and as the person calculated to give notice to the defendant. Service “ in person ” is not provided as an essentional or directed mode of service.
The present statute is not rested upon or confined to the theory of defendant’s consent to submit to the jurisdiction of the courts where the transaction has occurred. Rather, it is rested *597 upon conditions stated in section 302 as a necessary adjustment to developments in interstate and in international trade and commerce and the growing complexity of the social scene and technological expansion. For the most part, the contentions here raised were considered in Nelson v. Miller (11 Ill. 2d 378). This State’s 11 single-act ’ ’ statute was patterned after section 17 of the Illinois Civil Practice Act. It was held in Nelson v. Miller (supra) that service of a summons on a nonresident, as provided in section 17 of the Illinois act, applied to causes accruing prior to its adoption, and there is no vested right in any particular remedy or method of procedure unless there is a saving clause or a clearly expressed intent against retroactivity. It is enough if (p. 384) “ the provisions made for this purpose * * * be fair and reasonable in the circumstances, and must give to the defendant adequate notice of the claim against him, and an adequate and realistic opportunity to appear and be heard in his defense. ’ ’ (See, also, Smyth v. Twin State Improvement Corp., 116 Vt. 569; Johns v. Bay State Abrasive Prods. Co., 89 F. Supp. 654.)
The court reaches the conclusion that section 302 of the Civil Practice Law and Rules is constitutional; that service may be made on a nondomiciliary individual by service on his actual agent; that the particular agent upon whom such service is made need not be the defendant’s agent in respect of the matter or business transaction here out of which the action arose; that the action as alleged does arise out of a business transaction conducted here; that upon service on the actual agent a mailing to the defendant is not reasonably to be required to meet the requirements of due process; that the agent served is actual as distinguished from a fictional agent designated by statute in implementation of a concept of consensual jurisdiction and, finally, that no real constitutional question arises under subdivision 4 of section 308 in the circumstances here.
The motion is denied. In this circumstance, the cross motion upon the basis of its presentation by the plaintiff is academic and it is dismissed.