The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Plaintiff,

v.

LIFE COMPANIES, INC. and Alpha Investment Company, Inc., Defendants.

United States District Court
S. D. New York.
April 29, 1964.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for Fidelity and Cas. Co. of New York, Hancock Griffin, Jr., New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for Life Companies, Inc. and Alpha Inv. Co. Inc., Lee W. Meyer, New York City, of counsel.

PALMIERI, District Judge.

The defendants move to dismiss the complaint for lack of jurisdiction over their corporate persons and to quash service of process.

In effect, the motion attacks the plaintiff's reliance upon the recent New York "long arm" statute,[1] the defendants, both out of state corporations, contending that neither one of them transacted any business within the state within the purview of this statute.

This is a diversity action founded on a contract entered into by the assignors of the plaintiff and the assignors of the defendant. The plaintiff, a New York corporation, seeks to recover moneys allegedly due pursuant to the contract which provided for the leasing of insurance policy vending machines of the type commonly used at airports. A copy of the contract is attached to the complaint and it expressly states that it is made in New York and that it should be construed according to New York law, but subject to a general condition of compliance with the insurance laws of other states. The complaint, read together with the attached agreement, makes it clear that each defendant became, by assignment, an active participant in a business operated in New York, both with respect to the assuption of important managerial functions and in claiming or receiving a substantial part of the profits. The crucial issue raised by the complaint appears to be an alleged overpayment of profits to defendants of $371,353.88 which the defendants were allegedly required by the agreement to pay back.

Both defendants were personally served with process in the states of their incorporation.

Upon this motion the plaintiffs have submitted affidavits which indicate the extensive transaction of business in New York by the defendants.

Both sides agree that the disposition of this motion is controlled by the provisions of Rule 4(d) (7) of the Federal Rules of Civil Procedure [2] and Sections

---

1. Section 302(a), subd. 1 of New York State CPLR reads, insofar as applicable:

"§ 302. *Personal jurisdiction by acts of non-domiciliaries.*

"(a) *Acts which are the basis of jurisdiction.* A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:

"1. transacts any business within the state; or * * *"

2. Federal Rule 4(d) (7) provides:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
* * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

See also Rules 4(e) (second sentence), 4(f), Fed.R.Civ.P. These two provisions

302(a), subd. 1[3] and 313[4] of the Civil Practice Law and Rules of the State of New York.[4a]

The sole question presented by this motion is whether the defendants transacted any business in the State of New York pursuant to the contract attached to the complaint and pursuant to which the action is brought.

Rule 4(d), Fed.R.Civ.P., assimilates state modes of serving process and permits extraterritorial service of federal process where state practice rules permit service outside of the state. 2 Moore, Federal Practice ¶ 4.19 at 948–49 (2d ed. 1962).* With or without the consideration of the facts set forth in the plaintiff's affidavits, and which, incidentally, have neither been controverted or denied, it is clear that defendants' activities have fulfilled the requisite jurisdictional requirements. Each is amenable to extraterritorial service under Section 302(a) N.Y. CPLR if it "transacts any business within the state," and the cause of action arises out of the business transacted. This New York "long arm" statute is indistinguishable from its Illinois counterpart, Smith-Hurd Ill.Anno.Stat. c. 110, § 17 (effective Jan. 1, 1956) which has been authoritatively held to have satisfied constitutional due process requirements. National Gas Appliance Corp. v. A B Electrolux, 270 F.2d 472 (7th Cir. 1959), cert. denied, 361 U.S. 959, 80 S.Ct. 584, 4 L.Ed.2d 542 (1960). In this case, jurisdiction over a Swedish corporate defendant by an Illinois federal district court was approved where its agents had negotiated an agreement during several visits to Chicago, Illinois, and the contract for delivery of the equipment over which the dispute centered consisted of a letter mailed by the defendant from Sweden and a telegram of acceptance dispatched by plaintiff from Illinois. See also McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1955); Hanson v. Denckla, 357 U.S. 235, 252, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). A learned commentator has this to say of the New York "long arm" statute: "With the enactment of this statute, New York has decided to exploit the fullest jurisdictional potential permissible under federal constitutional restraints." McLaughlin, Practice Commentary on CPLR § 302, 7B McKinney's Consol.Laws of N.Y.Anno., § 302 at 428.

The New York Courts have supported the validity of New York CPLR § 302(a) in the context of in personam jurisdiction over foreign corporations. See

together with Rule 4(d) (7) authorize resort in original federal actions to the procedures provided by state law for effecting service on parties not found within the state.

3. See note 1, supra.

4. Section 313 of the CPLR provides:
"*Service without the state giving personal jurisdiction.* A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302, or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction."

4a. The defendants nevertheless reserved their contention upon the argument and have urged in their reply brief that the *recent amendments to Rule 4(e) and (f) were such as to require legislative enactment rather than judicial promulgation; and that consequently, Rule 4(d) (7) covers the mode rather than the place of service and is not dispositive of* this motion. See 28 U.S.C. § 2072 and Rule 82, Fed.R.Civ.P.

* See Advisory Committee's notes to Rule (4), Fed.R.Civ.P., as amended January 21, 1963. 1961:1 U.S.C.C.A. at 1381 ff. (87th Cong., 1st Sess.). At the date of Professor Moore's commentary, there was still some doubt on the point. The amendments to Rules 4(d) (7), 4 (e) and 4(f), by expressly authorizing resort to state provisions for extra-territorial service, have settled the matter.

Steele v. De Leeuw, 40 Misc.2d 807, 244 N.Y.S.2d 97 (Sup.Ct.Nassau Co.); Viewlex, Inc. v. Molon Motor & Coil Corp., N.Y.L.J. March 4, 1964, p. 17 (Sup.Ct. Nassau Co.), and these decisions as well as the views of commentators, 1 Weinstein, Korn & Miller, New York Civil Practice ¶¶ 302.01–05, especially ¶ 302.05 at 3–37 (1963), are consonant with the trend toward the constantly expanding bases of jurisdiction over the person— a trend which is apparently attributable to the proliferation of commercial contacts due to the increasing ease and speed of communication. See Totero v. World-Telegram Corp., 41 Misc.2d 594, 245 N.Y.S.2d 870 (1963). To quote from a scholarly reexamination of this subject by the Second Circuit, there is "no federal policy that should lead federal courts in diversity cases to override valid state laws" on corporate amenability.[5]

■■■ The defendants urge that the plaintiff has failed to plead jurisdictional facts and that the plaintiff may not supply the missing allegations by affidavit. There are several answers to this argument. This is a diversity action, 28 U.S.C. § 1332, and the complaint sufficiently sets forth the basis upon which such jurisdiction rests. Furthermore, the complaint and its attached contract are sufficient, without the affidavits, to establish the factual basis for the extraterritorial service of process in this case. There is no need here to make a nice distinction between jurisdictional allegations, which must be pleaded, Stern v. Beer, 200 F.2d 794, 796 (6th Cir. 1952); Rule 8(a) Fed.R.Civ.P., and the factual elements necessary to sustain service of process, which need not. Rule 12(b) and (d), Fed.R.Civ.P. The submission of affidavits by plaintiff, while perhaps an excess of caution, was entirely proper. Dismissals for reasons not going to the merits are looked upon with disfavor particularly where a litigant has not been afforded an opportunity through the use of pre-trial techniques to demonstrate his right to be heard by the trial court. Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957); and see Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963), where the Court of Appeals, noting the "meagre" papers before it, sent the case back to the District Court for reconsideration of the jurisdictional issues, suggesting a possible hearing along with an amendment of the complaint. Id. at 234. Clearly, in the case before this Court, any disregard of the plaintiff's affidavits would be unwise, and would sound a recall of the days of formalistic pleading.

The motion is denied in all respects.

It is so ordered.

---

5. Arrowsmith v. United Press International, 320 F.2d 219, 226 (2d Cir. 1963); and see comment on this case, Federal Jurisdiction Over Foreign Corporations and the Erie Doctrine, 64 Col.L.Rev. 685 (1964). See also, Erie and Constitutional Limits on Process, 8 Villanova L.Rev. 520 (1963).