**OLAVARRIA & CO., Inc., Plaintiff,**
v.
**MARINA MERCANTE NICARAGUEN-SE, S.A., R. C. Gribel and Gerhard Stuff, Defendants.**

**MARINA MERCANTE NICARAGUEN-SE, S.A., Third-Party Plaintiff,**
v.
**INTERCOASTAL CARRIERS, S.A., Third-Party Defendant, and against**

**R. C. Gribel, Third-Party Defendant.**

United States District Court
S. D. New York.
April 29, 1964.

Valicenti, Leighton, Reid & Stock, New York City, for Olavarria & Co., Inc. and Intercoastal Carriers, S.A., Robert J. Nicol, New York City, of counsel.

Cichanowicz & Callan, New York City, for Marina Mercante Nicaraguense, S. A., Paul M. Jones, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for R. C. Gribel, Charles S. Haight, Jr., New York City, of counsel.

PALMIERI, District Judge.

This is a motion by R. C. Gribel, defendant and third-party defendant, to dismiss the complaint and the third-party complaint for lack of personal jurisdiction. Rule 12(b), Fed.R.Civ.P. Gribel, a West German national and a resident of Lubeck, Germany, is the owner of the motor vessel Karl Christian which is involved in the action.

This litigation began as an admiralty action brought by Olavarria & Co., Inc. (Olavarria), a New York corporation, to recover for alleged damage to shipments of sugar carried on Gribel's vessel from Maticas de Galuez, Guatemala, to Richmond, Virginia; and for the alleged issuance of fraudulent bills of lading by the master of the vessel, the respondent Stuff. Thereafter, the respondent Marina Mercante Nicaraguense, S.A., (Mamenic Lines) obtained an order, consented to by libelant, transferring the action to the civil side of the court.

The crucial issue presented by this motion relates to the applicability of the so-called New York "long arm" statute, § 302 N.Y. CPLR, which has expanded the basis of personal jurisdiction over non-domiciliaries, and which, through Rule 4(d) (7), 4(e) (second sentence), and 4(f), Fed.R.Civ.P., subjects them to personal jurisdiction in the federal courts if they "transact[s] any business within the state provided that the cause of action arose out of the business transacted." An opinion has just been filed by this Court in Fidelity and Casualty Company of New York v. Life Companies, Inc. and Alpha Investment Company, Inc., D.C., 36 F.R.D. 267, dated April 29, 1964, in which this statute is discussed and that opinion is adopted here for the sake of avoiding repetition.

If Gribel transacted any business in New York, he became amenable to personal jurisdiction under the New York Statute. The allegations of the complaint and third-party complaint, if they are sustained, make it clear that Gribel transacted business in New York and that the causes of action asserted both

by Olavarria and by Mamenic Lines arose out of that business.

 Concededly, Gribel entered into a time charter of the Karl Christian on November 23, 1959 in New York. Concededly, the master, officers and crew were in Gribel's employ. Between January 1960 and August 1961, the vessel performed nineteen consecutive voyages, calling in each instance at New York. Charter hire was paid to Gribel's agents in New York, who performed other services for him. The sugar shipments which are the subject of the litigation occurred during these voyages. These facts demonstrate a sufficient compliance with Section 302 N.Y. CPLR to permit the exercise by this Court of personal jurisdiction over Gribel. In view of this conclusion, it becomes unnecessary to consider whether Gribel waived his right to make this motion and to object to in personam jurisdiction. Nor is it necessary to consider whether jurisdiction can be sustained on the basis of Gribel's "minimum contacts" with New York.

The motion to dismiss is denied.

It is so ordered.