Daniel E. Fitzpatrick, J.
This is a motion .by the defendant to dismiss the action pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the court lacks jurisdiction over the defendant.
Substituted service was made on September 4, 1964 pursuant to an order of this court granted August 26, 1964. That order, Avhidh was entered upon motion of the plaintiffs after several unsuccessful attempts at serving the defendant personally, provided that the summons and complaint be served ‘ ‘ by leaving a copy of said Summons and Verified Complaint, together with a copy of the Order, at the ¡said Defendant’s last known place of residence, to wit, No. 204-21 45th Drive, Bayside, Borough and County of Queens, City and State of New York, with a person of suitable age and discretion, if upon reasonable application admittance can be obtained and such person found who will receive the same; or if admittance cannot be so obtained, nor such person found, by affixing the same to the outer or other door of the said Defendant’s aforesaid last known place of residence, .and by mailing another copy thereof, properly enclosed in a postpaid wrapper, addressed to the said Defendant at his aforesaid last knoAvn place of residence ”.
The defendant claims that such service was invalid since he was not living at the address specified in the order at the time service was made. He also contends that CPLR 308 (subd. 4), pursuant to which the order for substituted service was made, is unconstitutional as an improper delegation of power to the judiciary.
It is not disputed that the defendant Avas residing at the aforesaid Bayside address as late as February 19,1964. He answered correspondence delivered thereto on that date and listed that address as his residence with the Motor Vehicle Bureau. He now offers no evidence, not even his own affidavit, demonstrating that he has acquired a new residence.
*853 An existing domicile continues until a new one is acquired and the burden of proof rests upon the party who alleges a change. (Aloisi v. Deaton, 36 Misc 2d 251, affd. 18 A D 2d 968.) The defendant fails to meet that burden. He also fails to show that service was not reasonably calculated to give him notice of the lawsuit and an opportunity to be heard. (Cf. Totero v. World Tel. Corp., 41 Misc 2d 594, 596.) He apparently received actual notice since he has authorized his insurance company to retain attorneys to appear for him on this motion. Accordingly, the claim that the defendant had changed his residence prior to service of the summons and complaint is not sufficient to divest this court of jurisdiction.
With respect to the defendant’s second contention, viz., that CPLB. 308 (snbd. 4) is an unconstitutional delegation of legislative powers, he fails to meet the heavy burden which must be borne by one who seeks, on the ground of unconstitutionality, to strike down a legislative enactment. Such an enactment carries with it an exceedingly strong presumption of constitutionality. Although this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and every intendment is in favor of a statute’s validity. (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, 269, app. dsmd. 369 U. S. 795; Martin v. State Liq. Auth., 43 Misc 2d 682, 684.) The power of the court to determine a method of service in special cases pursuant to CPLB 308 (subd. 4) is judicial and not legislative.
Of course, the method of service must be reasonably calculated to give the defendant notice of the lawsuit and an opportunity to be heard. (Totero v. World Tel. Corp., supra.) The court is peculiarly suited to devise such a method since it can ascertain and weigh the facts existing in each case and make its determination on the basis of those facts. This function is judicial and does not constitute an unconstitutional delegation of legislative power. The motion is denied in all respects.